IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION |
| v. | : | NO.  07-1535 |
| | : | |
| **DERRICK BULLARD,** | : | (Criminal Case No.: 01-00456-2) |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                                     **September ___, 2007**


Presently before this Court is *pro se* Petitioner's Motion to Alter or Amend Judgment (Doc. 107 of criminal case no. 01-00456-2).  For the reasons set forth below, upon consideration of Petitioner's Motion, the entire record, and the applicable law, this Court will deny Petitioner's Motion.

**BACKGROUND**

On February 7, 2002, a jury in the Eastern District of Pennsylvania convicted Petitioner of conspiracy to posses with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. On March 5, 2004, this Court imposed the statutory minimum sentence of 240 months imprisonment, five years of supervised release, and a special assessment of $100.  Petitioner appealed his conviction, and on December 13, 2005, the U.S. Court of Appeals for the Third Circuit affirmed this Court's judgment. On March 8, 2006, Petitioner filed a petition for writ of certiorari in the U.S. Supreme Court. That petition was denied on April 17, 2006.

On April 16, 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence

pursuant to 28 U.S.C. § 2255. On July 12, 2007, this Court denied Petitioner's habeas motion as untimely or, in the alternative, as without merit. On July 30, 2007, Petitioner filed the instant motion. Although Petitioner titles the motion a Motion to Alter or Amend Judgment, the motion is one for reconsideration and this Court will treat it as such.[1]

## LEGAL STANDARD

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Therefore, a motion for reconsideration will be granted if the moving party can demonstrate one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or 3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). However, motions for reconsideration should be granted sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

The Supreme Court has held that a finding of clear error requires a "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). To show clear error or

---

[1] In the instant motion, Petitioner's requests that this Court "reconsider its previous denial; and thereafter, reinstate and adjudicate the Petitioner's § 2255 motion on the merits ...." Petitioner's Motion to Alter or Amend Judgment at 7, Bullard v. United States, No. 07-1535 (criminal case no. 01-00456-2) (E.D. Pa. July 16, 2007). However, in its Order dated July 12, 2007, this Court ruled that Petitioner's habeas motion was without merit, and thus, the instant motion is one for reconsideration.

manifest injustice, the moving party "must base its motion on arguments that were previously raised but were overlooked by the Court." United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). However, "parties are not free to relitigate issues that the Court has already decided." Id. (citing Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)); see also Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). "A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made." Colon v. Colonial Intermediate Unit 20, 443 F. Supp. 2d 659, 667 (M.D. Pa. 2006) (citing Glendon Energy, 836 F. Supp. at 1122). "Motions for reconsideration . . . should not be used to put forward additional arguments which the movant could have made but neglected to make before judgment." Jasin, 292 F. Supp. 2d at 676 (quoting Reich v. Compton, 834 F. Supp. 753-55 (E.D. Pa. 1993)). Similarly, "[m]otions for reconsideration are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." Keyes v. Nat'l R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

## DISCUSSION

In the instant motion, Petitioner argues that this Court's previous order dismissing Petitioner's habeas motion contains a clear factual error, correction of which is necessary to prevent manifest injustice. Specifically, Petitioner contends that the order incorrectly indicated that his habeas motion was untimely and that correction of this factual error requires this Court to reconsider and grant his habeas motion. Petitioner's Motion, supra note 1, at 7. While this Court acknowledges the factual error in its previous order,[2] it concludes that correction of that error is

---

[2] This Court's previous order incorrectly stated that Petitioner's judgment of conviction became final 90 days after the Third Circuit entered the judgment on appeal. Order, supra, at 1 n.1 (citing Clay v. United States, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on

not necessary to prevent manifest injustice.  In other words, a correction will not produce a different outcome because Petitioner's habeas motion was dismissed not only on procedural grounds (statute of limitations) but also on substantive grounds (lack of merit).  See Order at 1-2 n.1, United States v. Bullard, No. 07-1535 (E.D. Pa. July 16, 2007).

Petitioner's habeas motion was timely. Under 28 U.S.C. § 2255, a petitioner must file his habeas motion within one year of the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.  For federal criminal defendants, a judgment of conviction becomes final when the U.S. Supreme Court "affirms a conviction on the merits ... or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."Clay v. United States, 537 U.S. 522, 527 (2003). Here, Petitioner was convicted on February 2, 2002. His conviction was affirmed by the Third Circuit on December 13, 2005. Petitioner then filed a petition for writ of certiorari on March 8, 2006 and the U.S. Supreme Court denied his petition on April 17, 2006, which is the date Petitioner's conviction became final. Petitioner filed his habeas motion on April 16, 2007, which was within § 2255's one year statute of limitations period.

Notwithstanding the timeliness of Petitioner's habeas motion, the instant motion for reconsideration is denied. Where a party bases its motion for reconsideration on correction of a factual or legal error, it must demonstrate that the court's previous decision was not only wrong, "but clearly wrong and that adherence to the decision would create a manifest injustice." Hall v. Babcock & Wilcox, 2007 U.S. Dist. LEXIS 43328 (W.D. Pa. June 14, 2007) (citing <u>In re City of Philadelphia Litig.</u>, 158 F.3d 711, 720-21 (3d Cir. 1998)). In other words, the party seeking

---

direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"). Petitioner's Affidavit/Traverse in Response to Government's Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 106 of criminal case no. 01-00456-2) filed on July 20, 2007 informed the Court that Petitioner had filed a petition for writ of certiorari with the U.S. Supreme Court and that the petition was denied on April 17, 2006.

reconsideration must show that correction of the factual or legal error would reasonably result in a different outcome. Id. Here, Petitioner has failed to meet this burden. Correction of the factual error supporting the procedural basis for this Court's decision to deny Petitioner's habeas motion will not result in a different outcome because the decision was also based on substantive grounds, namely that Petitioner's habeas motion lacked merit.[3]

## CONCLUSION

For the foregoing reasons, this Court will deny Petitioner's Motion.  An appropriate order follows.

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[3] In its Order filed July 12, 2007, denying Petitioner's habeas motion, this Court plainly stated:

In the alternative, even if Petitioner had timely filed [his habeas] Motion, this Court denies Petitioner's Motion with prejudice because his arguments are wholly without merit.  In his *pro se* Motion, Petitioner argues that (1) insufficient evidence existed to support his conviction; (2) the Government failed to prove whether the offense involved crack as opposed to cocaine base; (3) his counsel at trial was ineffective; and (4) "the offense that Petitioner was charged with failed to charge a substantive claim."  (Pet.'s Mo. at 6-7).  The Court, however, finds that Petitioner has failed to make a substantial showing of a denial of any constitutional rights.